**Clarence PHIPPEN, Appellant**

v.

**Joe NISH, Warden, SCI Waymart; Donald Jones, Hearing Examiner, SCI Waymart.**

**No. 06–4630.**

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) April 19, 2007.

Filed: May 8, 2007.

---

Clarence Phippen #EB-4632, Waymart, PA, pro se.

William E. Fairall, Jr., Pennsylvania Department of Corrections Office of Chief Counsel, Camp Hill, PA, for Appellees.

Before: SLOVITER, CHAGARES and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Clarence Phippen appeals the District Court's order granting appellees' motion to dismiss. The procedural history of this case and the details of Phippen's claims are well-known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Phippen filed a civil rights complaint alleging that appellees violated his right to due process by placing him in segregation, tampering with his mail, denying him access to the courts, and retaliating against him because he was challenging his conviction.[1] The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915A. Phippen filed a timely notice of appeal.

Because Phippen is proceeding *in forma pauperis* on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity.

---

**1.** According to his § 2254 petition, Phippen is serving three and a half to fifteen years in prison for aggravated assault, simple assault, terroristic threats, reckless endangerment and stalking and harassing. The charges arose from an incident where Phippen held a knife to his wife's throat and threatened to kill her in front of their daughter.

When reviewing a complaint for failure to state a claim, the Court must accept the allegations in the complaint as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The Court should not dismiss a complaint unless it is clear that no relief could be granted under any set of facts that could be proved. *Id.*

The District Court was correct that Phippen failed to state a due process claim, *see Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or a claim under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Renda v. King,* 347 F.3d 550, 558 (3d Cir.2003). The District Court did not err in concluding that Nish and Jones cannot be held liable on the basis of respondeat superior, *see Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988), and that SCI Waymart is not a "person" under § 1983. *Fischer v. Cahill,* 474 F.2d 991, 992 (3d Cir.1973).

Phippen has also requested that we issue a writ of mandamus. He describes recent misconduct charges against him and requests that we compel the Pennsylvania Department of Corrections to use a disciplinary process that comports with case law. The writ of mandamus will issue only in extraordinary circumstances. *See Sporck v. Peil,* 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. *Kerr v. United States District Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Here Phippen has the alternative remedy of filing a complaint challenging the disciplinary procedure in the proper District Court.[2] We note also that Phippen has requested that the appeal be stayed because he does not have access to his legal materials. However, because no pleadings are required of Phippen, there is no need to stay the appeal.

For the above reasons, as well as those set forth by the District Court, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state claim. Phippen's request for mandamus relief is denied.

---

2. However, we note that, including the lower court action and this appeal, Phippen will now have had three actions or appeals dismissed for failure to state a claim. *See Phippen v. Lycoming County Jail,* No. 01–cv– 02040, (M.D.Pa. March 4, 2002). Thus, in the future he may only bring an action *in forma pauperis* as a prisoner if he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).